**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:16 mj 14**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Vs.** ) | **ORDER** |
| ) | |
| **DAVID EDWARDS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#15) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his presentence release. At the call of this matter on for hearing it appeared that Defendant was present with his counsel, Eric J. Foster, and the Government was present through AUSA David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. Testimony was then presented by the Government through Tamara S. Styles, United States Probation Officer.

1

The Defendant was charged in a bill of information (#1) with knowingly possessing a quantity of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. § 844(a), a misdemeanor. On January 26, 2016 the Defendant came before the undersigned and after an initial appearance hearing and an arraignment hearing, entered a plea of guilty to the offense described in the bill of information (#8). The undersigned then set terms and conditions of pretrial release for the Defendant (#12). The conditions of release which included the following:

(1) The defendant must not violate any federal, state or local law while on release.

(8)(1) Defendant must report to the Office of Probation and Pretrial Services to the extent and in the manner that the agency determines to be appropriate.

(8)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On February 29, 2016, Defendant submitted to a drug screen which tested positive for the use of methamphetamine. On March 7, 2016, Defendant admitted to his supervising Probation Officer that he had used methamphetamine. The Defendant was thereafter instructed to report to his Probation Officer on March 1,

2016 and the Defendant failed to report to the Probation Officer during business hours of March 1, 2016 and reported later on March 2, 2016. Defendant told his Probation Officer he suspected he would be going to jail so he took care of personal business on March 1, 2016.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>     (1)    finds that there is----
>     (A) probable cause to believe that the person has committed a
>     Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any
>     other condition of release; and
>     (2)    finds that ---
>     (A) based on the factors set forth in section 3142(g) of this title, there
>     is no condition or combination of conditions of release that will assure that
>     the person will not flee or pose a danger to the safety of any other person or
>     the community; or
>     (B) the person is unlikely to abide by any condition or combination
>     of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence and the admission of Defendant, the undersigned finds there is probable cause to believe Defendant committed a federal and state crime while on release. The possession of methamphetamine is a misdemeanor

under federal law. 21 U.S.C. § 844. The possession of methamphetamine is also a crime in the state of Georgia. There was no evidence presented as to whether or not the possession of methamphetamine in the state of Georgia is a felony and therefore the undersigned has considered the Defendant's possession as a misdemeanor.

There has been shown by clear and convincing evidence that Defendant violated the condition of release that required he not commit any offense in violation of federal, state or local law in regard to this case. The possession of methamphetamine is a violation of federal and state law. The Defendant further violated the terms and conditions of his pretrial release in that he was ordered to refrain from use or unlawful possession of a narcotic drug or other controlled substance, unless prescribed by a licensed medical practitioner. Defendant clearly violated this condition by possessing methamphetamine and using that substance which is a drug that is not prescribed by any licensed medical practitioners. Defendant further violated the term and condition of release which required him to report to his Probation Officer as instructed.

Due to the findings made above, it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely that Defendant will

abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending sentencing and further proceedings in this matter.

Signed: April 14, 2016

_____
Dennis L. Howell
United States Magistrate Judge